JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Romina Keshishyan | Diamond Hicks |
| | Vartan Madoyan |

**Proceedings:** DEFENDANT ARDAGH GLASS INC.'S MOTION TO DISMISS COMPLAINT UNDER F.R.C.P. 12(B)(6)(Dkt 8, filed May 31, 2016)

DEFENDANT ARDAGH GLASS INC.'S AMENDED MOTION TO DISMISS COMPLAINT UNDER F.R.C.P.12(B)(6)(Dkt 11, filed June 6, 2016)

PLAINTIFF'S MOTION FOR REMAND (Dkt. 13, filed June 22, 2016)

## I.    INTRODUCTION

On December 4, 2015, plaintiff Doug Beck filed this putative class action in the Los Angeles County Superior Court against defendants Saint-Gobain Containers, Inc. (defendant), and Does 1–100, inclusive. Dkt. 1-1, Ex. A ("Compl.").[1] The complaint alleges ten causes of action: (1) failure to pay overtime compensation; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay minimum wage; (5) failure to pay timely earned wages upon separation of employment; (6) failure to pay timely earned wages during employment; (7) failure to provide complete and accurate wage statements; (8) failure to keep requisite payroll records; (9) failure to reimburse expenditures incurred on behalf of employer; and (10) unfair business

---

[1] On April 11, 2014, Ardagh Glass, Inc. acquired Saint-Gobain's parent corporation. Notice of Removal at 1 n.1. Saint-Gobain is now known as Ardagh Glass.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|---------------------|
| Title    | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

practices.  Plaintiff served a copy of the summons and complaint on defendant on April 25, 2016.  Id. ¶ 6.

On May 24, 2016, defendant removed this action to this Court.  Dkt. 1 ("Notice of Removal").  On June 22, 2016, Beck filed a motion to remand this action to California state court.  Dkt. 14 ("Mot.").  On July 11, 2016, defendant filed its opposition, dkt. 18 ("Opp'n"), and on July 18, 2016, plaintiff filed a reply, dkt. 21.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff worked for defendant as an hourly, non-exempt employee from approximately February 2011 to September 2013.  Compl. ¶ 18.  Plaintiff and the putative class members he seeks to represent are current and former hourly-paid or non-exempt employees who worked for defendant within California during the four-year period preceding the filing of plaintiff's complaint.  Id. ¶ 13.  Plaintiff asserts that defendant "engaged in a uniform policy and system scheme of wage abuse," id. ¶ 25, and alleges ten causes of action for violations of California Labor Code and the California Business and Professional Code.

Specifically, plaintiff first alleges that defendant failed to pay overtime wages, failed to properly calculate the overtime rate, and failed to pay the unpaid balance of overtime compensation, in violation of California Labor Code §§ 510 and 1198.  Beyond the general assertion that the class members worked in excess of 12 hours in a day and/or 40 hours in a week, plaintiff does not allege how frequently class members worked overtime nor how frequently they worked overtime hours for which they were not properly paid.

Second, plaintiff alleges that defendant violated California Labor Code §§ 226.7 and 512(a) and the applicable Wage Order of the California Industrial Welfare Commission ("IWC") by failing to provide required meal periods and failing to pay the full meal period premium for work performed during those periods.  Plaintiff does not specifically allege how frequently he and other class members were denied the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

opportunity to take meal periods, or how frequently defendant failed to fully compensate them for work performed during those periods.

Third, plaintiff alleges that defendant violated California Labor Code § 226.7 and the applicable IWC Wage Order by failing to provide required rest periods and failing to pay the full rest period premium for work performed during those periods. Plaintiff does not specifically allege how frequently he and other class members were denied the opportunity to take rest periods, or how frequently defendant failed to fully compensate them for work performed during those periods.

Fourth, plaintiff alleges that defendant failed to pay the required minimum wage to Beck and the other class members in violation of California Labor Code §§ 1194, 1197, and 1197.1. Plaintiff does not specify how often defendant failed to pay the minimum wage, how many class members were not paid the minimum wage, or the discrepancy between the wages actual paid and the minimum wage.

Fifth, plaintiff alleges that defendant failed to pay timely earned wages upon separation of employment to plaintiff and other class members who are no long employed by defendant, in violation of California Labor Code §§ 201 and 202. He does not specify how many class members left defendant's employ during the class period or how many were not paid their wages on termination.

Sixth, plaintiff alleges that defendant failed to pay timely earned wages to plaintiff and other class members, in violation of California Labor Code § 204. He does not specify how frequently defendant failed to pay timely earned wages.

Seventh, plaintiff alleges that defendant failed to provide complete and accurate wage statements to plaintiff and other class members, in violation of California Labor Code § 206(a). He does not specify how frequently defendant failed to do so.

Eighth, plaintiff alleges that defendant failed to keep complete and accurate payroll records showing hours worked daily and wages paid, in violation of California Labor Code § 1174(d). Plaintiff does not specifically allege the length of time during which defendant failed to keep these records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

Ninth, plaintiff alleges that defendant failed to reimburse fully plaintiff and other class members for all necessary business-related expenses and costs, in violation of California Labor Code §§ 2800 and 2802. He does not specify how often defendant failed to provide such reimbursements, how many class members were not reimbursed, or the extent to which defendant provided partial reimbursements.

Tenth, plaintiff alleges that, as a result of the above violations of California law, defendant gained an unfair advantage over other businesses, in violation of California Business and Professions Code § 17200 et seq. ("UCL").

In his prayer for relief, plaintiff seeks, *inter alia*, to recover (1) class members' unpaid overtime wages; (2) one hour of regular wages for each day a class member was denied a required meal period and any premium wages not provided; (3) one hour of regular wages for each day a class member was denied a required rest period and any premium wages not provided; (4) unpaid wages and statutory penalties under California Labor Code § 1197.1 for failure to pay class members minimum required wages; (5) statutory penalties under California Labor Code § 203 for failure to pay class members wages earned within thirty days of the date their employment ended; (6) losses and damages for failure to pay compensation at the time required by under California Labor Code § 204; (7) statutory penalties under California Labor Code § 226 for failure to provide accurate and complete wage statements; (8) statutory penalties under California Labor Code § 1174.5 for failure to keep accurate and complete payroll records; (9) losses and damages for failure to reimburse class members fully; (10) restitution of unpaid wages; and (11) reasonable attorneys' fees.

While plaintiff alleges that his damages amount to less than $75,000, he does not specify or limit the total recovery sought on behalf of the class.

In support of removal, defendant asserts that this Court may hear the case pursuant to federal question jurisdiction provided by Section 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185, on the grounds of diversity jurisdiction, 28 U.S.C. § 1332(a), and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).

## III.   SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL   "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

Defendant first argues that the Court may exercise jurisdiction pursuant to Section 301 of the LMRA.

### A.    Legal Standards

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For an action to "arise under" the Constitution, laws, or treaties of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). A federal question "must be disclosed upon the face of the complaint, unaided by the answer." Id. at 113; see also Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).

Federal defenses do not "appear on the face of a well-pleaded complaint," and "[f]ederal pre-emption is ordinarily a federal defense." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). However, defendants may remove on federal preemption grounds if Congress so completely preempts a particular area "that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63–64. "To be completely preemptive, a statute must have 'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co., 481 U.S. at 65). "The complete preemption corollary to the well-pleaded complaint rule is applied primarily in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

cases raising claims preempted by § 301 of the LMRA." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

Under Section 301(a) of the Labor Management Relations Act, district courts have jurisdiction over claims arising from "violations of contracts between an employer and a labor organization representing employees in an industry." 29 U.S.C. § 185(a). Federal substantive law preempts state law in an action arising under Section 301 in order to further the interest in uniform federal interpretation of collective bargaining agreements. <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor policy.") (citing <u>Teamsters v. Lucas Flour Co.</u>, 369 U.S. 95, 103 (1962)). Accordingly, Section 301's preemptive force has been construed to cover most "state law actions that require interpretation of labor agreements." <u>Aguilera v. Pirelli Armstrong Tire Corp.</u>, 223 F.3d 1010, 1016 (9th Cir. 2000).

Where a right "exists solely as a result of the [collective bargaining agreement], then the claim is preempted," and the court's analysis ends there. <u>Burnside v. Kiewit Pacific Corp.</u>, 491 F.3d 1053, 1059 (9th Cir. 2007) (citing <u>Allis-Chalmers</u>, 471 U.S. at 212). Even if the right exists independently of the collective bargaining agreement ("CBA"), it may still be preempted if "it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" <u>Id.</u> (citing <u>Caterpillar</u>, 482 U.S. at 394). In general, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under Section 301. <u>Burnside</u>, 491 F.3d at 1060; <u>Cramer v. Consolidated Freightways, Inc.</u>, 255 F.3d 683, 693 (9th Cir.2001), <u>cert. denied</u> 534 U.S. 1078 (2002). But not every employment dispute is preempted by Section 301. <u>Allis-Chalmers</u>, 471 U.S. at 211. If the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 124 (1994); <u>see</u> <u>also</u> <u>Lingle v. Norge Division of Magic Chef, Inc.</u>, 486 U.S. 399, 409–10 (1988) ("[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title    | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

Indeed, despite the broad preemptive effect of Section 301, claims that seek to vindicate "nonnegotiable state-law rights . . . independent of any right established by contract" are not within the scope of Section 301 preemption. Allis-Chalmers, 471 U.S. at 213; see also Livadas, 512 U.S. at 123–24 ("[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law. . . . [I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action may go forward" (citations omitted)). "As a result, if a state law cannot be waived or modified by private contract, and if the rights it creates can be enforced without resort to the particular terms, express or implied, of a labor contract, § 301 does not preempt the claim for violation of the law." Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 951–52 (C.D. Cal. 2014) (Morrow, J.) (citing Miller v. AT&T Network Systems, 850 F.2d 543, 546 (9th Cir. 1988)).

Ultimately, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691–92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.").

**B.    Analysis**

Broadly, defendant contends that federal question jurisdiction exists over all of the claims in this case pursuant to Section 301 preemption. Defendant reaches this conclusion by asserting that plaintiff's overtime claim (the first cause of action) is preempted by Section 301.[2] Defendant then contends that the Court has supplemental jurisdiction over all other remaining claims because they are part of the same case or controversy as plaintiff's purportedly federal overtime claim.

---

[2] Defendant does not allege that any of plaintiff's nine other claims is preempted by Section 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

The Court addresses below whether plaintiff's claims for unpaid overtime is preempted by Section 301 of the LMRA under the Ninth Circuit's two-prong test.

### 1.    Right Conferred by State Law

Under the first prong of the Ninth Circuit's test, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. Plaintiff's overtime claim is not preempted under this prong because (1) the complaint arises exclusively from state law, having been brought under the California Labor Code and the California Business and Professions Code; (2) the complaint makes no reference to federal law; and (3) plaintiff is not attempting to vindicate any right conferred by a CBA.

Defendant argues that plaintiff's claim for unpaid overtime is preempted because (1) plaintiff's employment was governed by a CBA;[3] and (2) employees who are covered by a valid CBA are statutorily exempt from the overtime and meal period protections that the California Labor Code provides. Notice of Removal ¶¶ 12–13. California Labor Code § 514 exempts employees covered by valid CBAs from California Labor Code § 510, which sets out the state's general overtime law. According to defendant, by virtue of this statutory exemption, plaintiff is left with rights conferred only by the CBA and his overtime claim is thus preempted by Section 301 of the LMRA. Opp'n at 3.

---

[3] Defendant avers that the employment of plaintiff and many putative class members was subject to the terms of the CBA between defendant and the Glass, Molders, Potters, Plastics & Allied Workers International Union ("GMP CBA"). Notice of Removal ¶ 12. Defendant also contends that the employment of many other putative class members was subject to the terms of the CBA between defendant and the United, Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW CBA"). Id. ¶ 13.

Plaintiff asserts in his briefing that defendant failed to demonstrate that his employment was governed by the GMP CBA. Mot. at 8. Specifically, plaintiff argues that defendant failed to provide evidence of plaintiff's membership in the Glass, Molders, Plastics & Allied Workers International Union. Id. Given that the Court remands this case, plaintiff can litigate this issue in state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

The Court disagrees. As this Court has said before, the statutory exemption provided by Section 514 "does not change the *nature* of plaintiff's state-law claims." See Sanchez v. Calportland Co., No. 2:15-CV-07121-CAS-SHX, 2015 WL 6513640, at *3 (C.D. Cal. Oct. 26, 2015). Section 514 is an affirmative defense that defendant must plead and prove. Id.; Vasserman, 65 F. Supp. 3d at 954 (collecting cases); Alvarado v. King Meat, Inc., No. 15-cv-09766-RGK-ASx, 2016 WL 538451, at *4 (C.D. Cal. Feb. 8, 2016); Cramer, 255 F.3d at 691 (9th Cir. 2001) ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). "It is settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quotation marks omitted). If plaintiff's overtime claim fails due to the statutory exemption, "that doesn't mean this Court has jurisdiction, it means [defendant] wins." Sanchez, 2015 WL 6513640, at *3 (quoting Placencia v. Amcor Packaging Distrib., Inc., 2014 WL 2445957, at *2-3 (C.D. Cal. May 12, 2014)).

Plaintiff's overtime claim is, therefore, not preempted under the first prong of the Ninth Circuit's test.

## 2.     "Substantially Dependent" on Analysis of CBA

Under the second prong of the Ninth Circuit's test, the Court must consider whether resolving the dispute is "substantially dependent" on the analysis of a CBA. Burnside, 491 F.3d at 1059-60.

Defendant argues that plaintiff's overtime claim is "substantially dependent" on the terms of the relevant CBAs. Opp'n at 4. Specifically, defendant alleges that the GMP CBA and the USW CBA provide for wages, hours of work and working conditions, along with premium wage rates for overtime hours. Notice of Removal ¶¶ 15–16. Defendant further avers that the Court "will need to analyze" specific articles of the GMP CBA to determine "whether the compensation provided under the CBAs met alleged overtime requirements." Opp'n at 4. Defendant's contention that the court must "analyze" the CBA's provisions is not persuasive. Defendant does not allege the Court will have to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL      "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

*interpret* the CBA's terms, or that the CBA's terms are contested or are particularly complex. Based on defendant's own contentions, it appears that the overtime claim can be resolved by "looking to," rather than interpreting, the CBA. Burnside, 491 F.3d at 1060. Thus, while it may be necessary to consider the CBA in the course of resolving plaintiff's state law claims, the Court finds that the terms of the CBA will only be considered by way of reference and will not be reasonably disputed by the parties. See id. ("[T]he simple need to refer to bargained-for wage rates in computing [a] penalty," does not warrant preemption.). Therefore, Section 301 of the LMRA does not preempt plaintiff's overtime claim.

Because the Court lacks federal question jurisdiction over the overtime claim, it necessarily follows that the Court has no basis to exercise supplemental jurisdiction over plaintiff's other claims.

## III. DIVERSITY JURISDICTION

Defendant argues, in the alternative, that the Court may exercise diversity jurisdiction.

### A. Legal Standards

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

As stated, the amount in controversy must exceed $75,000 to confer diversity jurisdiction. 28 U.S.C. § 1332(a). Where, as here, "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Singer v. State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

<u>Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997) (same).  The court may look to the defendant's factual statements in its notice of removal when assessing the amount in controversy.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  However, conclusory allegations of an amount, unsupported by facts, are insufficient to meet the removing party's burden.  <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir. 1992).

### B.   Analysis

#### 1.   Diversity

Defendant states that it is incorporated and organized under the laws of Delaware and has its principal places of business in Indiana.  Notice of Removal ¶¶ 7–8.  Plaintiff alleges that he is a California resident.  Compl. ¶ 5.  Plaintiff does not appear to contest that complete diversity exists, and the Court concludes that it does.

#### 2.   Amount in Controversy

Defendant alleges in its Notice of Removal that the amount in controversy exceeds $75,000 based on seven types of relief sought in plaintiff's complaint:

| | |
|---|---|
| Unpaid overtime | $57,469.96 |
| Unpaid meal period premiums | $11,216.50 |
| Unpaid rest break premiums | $11,216.50 |
| Unpaid minimum wages | $1,952.00 |
| Unpaid minimum wages (liquidated damages) | $1,952.00 |
| Final wages not timely paid | $4,651.20 |
| Non-compliant wage statements | $4,000.00 |
| **TOTAL** | **$92,458.16** |

In its opposition to plaintiff's motion to remand, defendant acknowledges that its first estimation of unpaid overtime wages included in its Notice of Removal did not reflect the four-year statute of limitations on plaintiff's overtime claim.  <u>See</u> Opp'n at 6.  Defendant thus excludes Beck's employment from February 17, 2011 to December 4, 2011 (approximately 41 weeks), adjusting its estimation of unpaid overtime wages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

downward to $42,973.03.  <u>Id.</u>  Defendant asserts that the total amount in controversy still exceeds the statutory requirement at $77,939.26.  <u>Id.</u>  However, defendant does not similarly adjust its calculations for unpaid meal and rest break premiums, and unpaid minimum wages, claims that are also subject to a four-year statute of limitations.  <u>See</u> Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).  When adjusted for the statute of limitations, even accepting defendant's underlying assumptions, the amount in controversy would be:

| | |
|---|---|
| Unpaid overtime | $42,973.03 |
| Unpaid meal period premiums | $7,562.55 |
| Unpaid rest break premiums | $7,562.55 |
| Unpaid minimum wages | $1,296.00 |
| Unpaid minimum wages (liquidated damages) | $1,296.00 |
| Final wages not timely paid | $4,651.20 |
| Non-compliant wage statements | $4,000.00 |
| **TOTAL** | **$69,341.33** |

In its opposition, defendant argues that its original estimate of unpaid overtime should be even higher ($44,081.85) to reflect plaintiff's true wage rate.  Opp'n at 7.  Even accepting that change, the amount in controversy still does not exceed $75,000 after accounting for the statute of limitations:

| | |
|---|---|
| Unpaid overtime | $44,081.85 |
| Unpaid meal period premiums | $7,562.55 |
| Unpaid rest break premiums | $7,562.55 |
| Unpaid minimum wages | $1,296.00 |
| Unpaid minimum wages (liquidated damages) | $1,296.00 |
| Final wages not timely paid | $4,651.20 |
| Non-compliant wage statements | $4,000.00 |
| **TOTAL** | **$70,450.15** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

Defendant alleges that the amount in controversy surely exceeds $75,000 when plaintiff's other claims—unpaid minimum wages pursuant to Labor Code 1197.1, wages not timely paid during employment, failure to keep requisite payroll records, unreimbursed business expenses, equitable relief, and attorneys' fees—are considered. Opp'n at 7. However, defendant does not offer *any* facts to support its allegations as to these claims. Where, as here, a plaintiff does not claim damages in excess of $75,000 "and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the statutory requirement], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." Singer, 116 F.3d at 376 (quoting Gaus, 980 F.2d at 567). Accordingly, defendant—which bears the burden of proof—has not proffered sufficient evidence that the amount placed in controversy by plaintiff's complaint exceeds $75,000. The Court therefore concludes that it may not exercise jurisdiction over this matter on the basis of the parties' diversity.

## IV.   CAFA JURISDICTION

Defendant argues, in the alternative, that the Court may exercise jurisdiction pursuant to CAFA.

### A.   Legal Standards

CAFA gives federal courts jurisdiction over certain class actions if: (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 552 (2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554.

CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

In determining the amount in controversy, courts first look to the complaint. "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|---------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

good faith." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quotation marks omitted); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (Collins, J.)("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe."), aff'd 631 F.3d 1010 (9th Cir. 2011). "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra, 775 F.3d at 1198. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id.

Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the proponent of federal jurisdiction must establish it by a preponderance of the evidence. Dart Cherokee, 135 S. Ct. at 550; Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer, 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir. 1995)). A defendant need not "research, state, and prove the plaintiff's claim for damages," Coleman, 730 F. Supp. 2d at 1148, particularly because the question asks only the amount that plaintiff has put at issue, not how much the defendant actually owes. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Still, courts cannot base jurisdictional determinations on "speculative and self-serving assumptions about key unknown variables" that are not clearly suggested by the pleadings or supported by evidence. Garibay v. Archstone Communities LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (finding the evidence insufficient where the defendant proffered a declaration by a supervisor of payroll setting forth only the number of employees, the number of pay periods, and general information about hourly wages); Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1127 (C.D. Cal. 2010) (Morrow, J.) ("[W]hen applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture.") (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                          "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title    | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

### B.    Analysis

#### 1.    Numerosity

The Court finds that defendant has adequately established that the class contains more than 100 members.  Specifically, defendant submitted the declaration of Michael J. Ramos, a Human Resources Manager for defendant, who states that defendant employed 426 non-exempt employees from December 4, 2011 to May 24, 2016, Dkt 1-2 Ramos Decl. ¶ 11, and that defendant employed 337 non-exempt employees from December 4, 2014 to the present, id. ¶ 12.  Defendant also alleges that 82 putative class members separated from employment from December 4, 2012 to the present.  Id. ¶ 13.  While plaintiff estimates in its complaint that the class is greater than 50 individuals, Compl. ¶ 15, plaintiff does not contest defendant's allegations as to the number of class members and provides no evidence to contradict defendant's class estimate that the class contains more than 100 members.

Accordingly, defendant has met its burden of establishing that plaintiff's putative class contains more than 100 members.

#### 2.    Diversity

Defendant alleges that it is incorporated and organized under the laws of Delaware and has its principal places of business in Indiana.  Notice of Removal ¶¶ 22–23. Plaintiff alleges that he is a California resident.  Compl. ¶ 5.  Plaintiff does not appear to contest that complete diversity exists, and the Court concludes that it does.

#### 3.    Amount in Controversy

Plaintiff argues that defendant has failed to establish that the amount in controversy in this action exceeds $5 million. The Court agrees.

Here, defendant calculates that the amount placed in controversy by plaintiff's claims is at least $9,370,018.  Notice of Removal ¶ 51.  In response, plaintiff argues that defendant's calculations are based on conclusory assertions and that defendant has failed to ground their calculations of the amount in controversy in "any evidence whatsoever."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

Mot. at 15. The Court agrees with plaintiff. Specifically, the Court finds that underlying many of defendant's calculations is a series of unsupported and attenuated assumptions regarding the damages claimed in plaintiff's complaint.

    For example, plaintiff asserts claims for failure to provide meal and rest periods in violation of California Labor Code § 226.7. Pursuant to Section 226.7, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). Defendant calculates that the amount in controversy for plaintiff's unpaid meal and rest period claims is at least $1,592,167 for each claim (or $3,184,334 together). Notice of Removal ¶¶ 45–46. Defendant reaches this amount by assuming that all class members were denied at least one rest and one meal period during every week they worked throughout the class period. Id. In other words, defendant assumes a 100% violation rate. However, defendant submits no evidence that would support the assumption that class members were denied rest and meal periods on each and every shift they worked during the class period. Indeed, even plaintiff's allegations do not go that far. Plaintiff alleges that defendant "intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the *full* meal period premium for work performed during meal periods." Compl. ¶ 63 (emphasis added). Plaintiff makes the same allegation with respect to rest periods. Id. ¶ 72. Plaintiff does not allege that defendant never provided paid rest or meal periods, or that defendant failed to pay the *entire* meal or rest period premiums. See also Ibarra, 775 F.3d at 1198–99 ("We agree with the district court that a 'pattern and practice' of doing something does not necessarily mean always doing something. The complaint alleges a 'pattern and practice' of labor law violations but does not allege that this 'pattern and practice' is universally followed every time the wage and hour violation could arise."). Defendant's assumption of a 100% violation rate is particularly inappropriate for meal and rest break claims. Such claims are heavily fact dependent because employees who work through meal and rest periods might do so because the employer fails to permit such breaks, in violation of California Labor Code § 226.7, or because employees voluntarily, and permissibly, choose to work through their breaks. See Brinker Rest. Corp. v. Superior Court, 273 P.3d 513, 536–37 (Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                                     "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|---------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

     Moreover, in calculating the amount in controversy for purposes of CAFA, courts have been hesitant to accept unsupported assumptions of a 100% violation rate.  See, e.g., Amaya v. Consolidated Container Co., LP, 2015 WL 4574909, at *2 (C.D. Cal. Jul. 28, 2015) ("[A] defendant cannot assume a 100% violation rate based on the plaintiff's general allegation of a 'pattern and practice'" of unlawful activity.).  And, in cases where courts have permitted defendants to assume a 100% violation rate, the plaintiff has expressly alleged that the defendant engage in a "uniform" practice resulting in continuous violations.  See, e.g, Mejia v. DHL Express (USA), Inc., 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding a 100% violation rate was a permissible assumption where plaintiff alleged that defendant "adopted and maintained uniform policies, practices and procedures that caused the purported violations of California's rest period law"); see also Ibarra, 775 F.3d at 1199 (suggesting that an allegation that the defendant "universally, on each and every shift" violated labor laws would be sufficient to support an assumed 100% violation rate); LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1203 (9th Cir. 2015) (accepting defendant's assumption that the class worked for the entirety of the year because the defendant relied on "actual invoiced . . . costs" from a past year and extrapolated from that amount based the number of employees for the year in question).  It is true that plaintiff asserts in his "general allegations" that defendant "engaged in a uniform policy and systematic scheme of wage abuse."  Compl. ¶ 25.  However, the instant case is more like Ibarra than it is like Mejia or LaCross for three reasons.  First, plaintiff alleges that defendant maintained "policies and practices" of violating several state labor laws.  Id. ¶ 113.  Plaintiff's allegation of a "pattern and practice" or an "institutionalized unwritten policy" "does not necessarily mean [that defendant was] always doing something."  Ibarra, 775 F.3d at 1198–99.  Second, unlike LaCross, defendant provides no data from which to extrapolate that defendant engaged in the alleged prohibited labor practices with respect to all putative class members at every possible opportunity.  And third, plaintiff's individual claims make clear that he does not allege that defendant "universally, on each and every shift, violate[d] labor laws."  Ibarra, 775 F.3d at 1198–99.  For example, plaintiff alleges, inter alia, that he and other class members are entitled to "the unpaid balance" of overtime wages and minimum wage compensation, id. ¶¶ 53, 79; that defendant failed to pay the "full" meal and rest period premiums, id. ¶¶ 64, 73; that "Plaintiff and the other class members are entitled to recover statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum," id. ¶ 87 (not for 30 days in all cases); and that "Plaintiff and the other class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|---------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

members incurred necessary business-related expenses and costs that were not *fully* reimbursed," id. ¶ 108.

Accordingly, the Court finds that defendant has impermissibly assumed a 100% violation rated in calculating the amount in controversy for plaintiff's rest and meal period claims.

Defendant's calculations with respect to plaintiff's other claims suffer from similar defects. For example, defendant improperly assumes a 100% violation rate with respect to plaintiff's claim for final wages not timely paid. California Labor Code section 203(a) provides that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code section 203(a) then provides that, "[i]f an employer willfully fails to pay . . . in accordance with Section[ ] 201 . . . any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." By its terms, section 203(a) provides that waiting time penalties may be accumulated for a maximum of 30 days. Here, defendant calculates that the amount in controversy for plaintiff's claim for waiting time penalties is $435,849. Notice of Removal ¶ 49. In reaching this amount, defendant assumes that *all* putative class members separated from employment would be entitled to receive waiting time penalties for the entire 30 day statutory period and that *all* separated employee would be entitled to eight hours of wages for each of those days. Id. However, defendant provides no evidence to support these assumptions.

Another court in this district recently rejected similar assumptions as speculative and unsupported. Specifically, in Vasserman v. Henry Mayo Newhall Memorial Hospital, 65 F. Supp. 3d 932, the plaintiffs asserted a claim for waiting time penalties and the defendant removed the action to federal court asserting that jurisdiction was appropriate under CAFA. In attempting to establish that the amount in controversy exceeded $5 million, the defendant assumed that every employee in the class would be entitled to waiting time penalties over the entire 30 day period permitted by section 203(a). Id. at 972. The court rejected this assumption as unsubstantiated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

"O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

> Newhall Memorial's calculation of waiting time penalties presumes that each of the 275 class members who separated from Newhall Memorial during the class period did not receive the wages he or she was due for a full thirty days. Newhall Memorial does not explain why such an assumption is warranted, and neither the allegations in the complaint nor evidence support using such a variable.

Id. at 978. Accordingly, the court found that the defendant had failed to adequately establish that the amount in controversy exceeded $5 million and remanded the action to state court. Id. at 985.

Similarly, in this case, defendant has not submitted any evidence to support its assumption that every class member who separated from defendant's employment during the class period should be permitted to recover waiting time penalties for the full period of 30 days. Defendant merely contends that, since more than 30 days has passed since the last of the class members was terminated, the statutory maximum period should apply. But this is insufficient. The statutory maximum period does not apply simply because thirty days has passed since a plaintiff was terminated; rather, in order to recover penalties for the full statutory period, a defendant must have failed to pay a plaintiff's wages for thirty days or more. Here, there is no evidence to suggest that defendant failed to pay any class member's wages for a period of thirty days—let alone that it failed to do so for every class member. See also Garibay, 539 Fed. Appx. at 764 ("[Plaintiff] also alleges violations of Cal. Labor Code § 203, which provides that employers who fail to timely pay all earned wages upon termination are subject to a fine equal to the employee's normal wages for each day the wages are late, up to a maximum of 30 days. [Defendant] assumes that each employee would be entitled to the maximum statutory penalty, but provides no evidence supporting that assertion"). Likewise, there is no support in the record for defendant's assumption that all putative class members worked a minimum of eight hours per day every day.

Defendant's estimated amounts in controversy for unpaid overtime, unpaid minimum wages, and non-compliant wage statements likewise rely on unsupported assumptions. With respect to unpaid overtime, for example, defendant assumes that each and every putative class member worked for the entire class period and that each and every putative class member was not paid for one hour of overtime for each week of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|---|---|---|---|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

or her employment. Notice of Removal ¶ 44. Yet defendant provides no "summary-judgment type evidence" to support these assumptions. Defendant similarly assumes, absent any concrete evidence, that all putative class members were not paid minimum wages for two hours of work per week for each week of their employment. Id. ¶ 47. And defendant assumes, without providing supporting evidence, that each and every putative class member received non-compliant wage statements and is entitled to the statutory maximum penalty. Id. ¶ 50. While defendant need not "produce full-blown documentary evidence . . . proving all violations that are the subject of the Complaint," Opp'n at 11, defendant, as the proponent of federal jurisdiction, retains the burden of establishing removal jurisdiction, Abrego Abrego, v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). Neither the complaint nor the cursory evidence that defendant has introduced support defendant's allegations. Therefore, defendant has failed to satisfy its burden of establishing the amount in controversy required by CAFA.

      The basis for defendant's calculation of attorneys' fees is even more difficult to decipher. Defendant estimates that the amount in controversy should include attorneys' fees totaling $1,896,542.25. Opp'n at 13. Defendant purportedly arrives at this amount by calculating 25% of its aggregate estimate of damages for plaintiff's claims under California Labor Code Sections 1194 (unpaid overtime wages), 2800 (failure to reimburse), and 1021.5—the claims for which, according to defendant, plaintiff specifically seeks attorneys' fees. See id. at 12–13. However, plaintiff does not allege any claims under Section 1021.5, which imposes liability on independent contractors who fail to meet the burden of proof of independent contractor status or hold a valid state contractor's license. See Cal. Lab. Code § 1021.5.[4] In addition, at no time does defendant estimate the amount in controversy related to defendant's failure to reimburse employees for business-related expenses. Furthermore, defendant's estimate for plaintiff's unpaid overtime wages is not adequately supported by evidence, as described above. The Court thus concludes that defendant's estimate of attorneys' fees is too indefinite to be credible.

---

    [4] Even if defendant intended to refer to California Labor Code §§ 226.7 and 512(a) (which deal with meal and rest periods, and pursuant to which plaintiff seeks attorneys' fees, see Compl. at 23–24), defendant does not provide adequate evidence to support its estimates of the amount in controversy related to meal and rest period violations. Defendant's calculation of attorneys' fees on the basis of those estimates is, therefore, equally unsupported.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:16-cv-03638-CAS-SK | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | DOUG BECK v. SAINT-GOBAIN CONTAINERS ET AL. | | |

In sum, many of the assumptions that are key to defendant's damages calculations are not supported by adequate evidence. As the Ninth Circuit has explained, "a damages assessment may require a chain of reasoning that includes assumptions." Ibarra, 775 F.3d at 1199. Nonetheless, "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. Moreover, when "confronted with a motion to remand . . . the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence." Amaya, 2015 WL 4574909, at *1. Here, because defendant's calculations are based on attenuated and unsupported assumptions, defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy in this action exceeds $5 million. Accordingly, the Court finds that defendant has failed to establish that jurisdiction exists pursuant to CAFA.[5]

## VI.  CONCLUSION

For the reasons stated, the Court **GRANTS** plaintiff's motion to remand and, therefore, does not reach defendant's motion to dismiss, which is **DENIED** as moot.

IT IS SO ORDERED.

|  | : | 10 |
|--|---|----|
| Initials of Preparer | IV | |

---

[5] At oral argument on September 12, 2016, defendant requested leave to file additional evidence to support its argument for CAFA jurisdiction. This request is in the nature of a motion to reconsider. Because defendant has had multiple opportunities to present its evidence, the Court **DENIES** defendant's request to present additional evidence.